Filed 8/7/14  In re Ray E. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re RAY E., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAY E.,<br><br>    Defendant and Appellant. | F068734<br><br>(Super. Ct. No. 10CEJ600470-3)<br><br>**OPINION** |

**THE COURT**<sup>*</sup>

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly Gaab, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>    Before Cornell, Acting P.J., Gomes, J., and Detjen, J.

The court continued appellant, Ray E., as a ward of the court (Welf. & Inst. Code, § 602) after it sustained allegations in one petition charging appellant with first degree burglary (Pen. Code, §§ 459/460, subd. (a)) and appellant admitted allegations in a second petition charging him with an additional count of first degree burglary. Following an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 6, 2013, at approximately 6:00 p.m., Xher Yang arrived home with her children and found her house alarm beeping. She soon discovered that the electricity in the house was not working and that a window in her bedroom was broken and partially open. When her husband, Yer, came home he discovered that the circuit breakers had been turned off.[1]

Fresno Police Officer Jason Jones responded to the residence and found that all of the screens on the windows had been removed. Officer Jones was able to lift prints belonging to two people from the exterior of several windows and one print located near the locking mechanism on the interior side of the broken window. Five prints taken from a bathroom window matched appellant's prints. Additionally, two palm prints and a thumb print located on the exterior side of the broken master bedroom window matched appellant's prints.

On October 29, 2013, the district attorney filed a petition charging appellant with first degree burglary.

On November 18, 2013, following a jurisdictional hearing, the court sustained the petition.

---

[1] The house alarm had a battery backup that allowed it to be activated if the electricity was turned off.

On December 6, 2013, the district attorney filed another petition charging appellant with a first degree burglary that occurred on August 27, 2013.

On December 9, 2013, appellant admitted the petition. That same day the court conducted a disposition hearing on both petitions and continued appellant as a ward of the court. The court also aggregated time from a previous first degree burglary adjudication, set appellant's maximum term of confinement at eight years eight months, and committed him to the local juvenile justice campus for 180 days.

Appellant's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.